UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATRINA REYNOLDS,

    Plaintiff,

v.

                              Case No. 2:11-cv-411
                              HON. R. ALLAN EDGAR

MARQUETTE GENERAL HOSPITAL,
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff filed this action pursuant to 28 U.S.C. § 1981 against Defendants Marquette General Hospital (MGH) and Unknown Parties who are employed as hospital staff. Plaintiff alleges that she was an inpatient at MGH from October 16, 2011, until October 19, 2011, and that during this time, Defendants violated her right to practice her religion. Plaintiff states that she is Hindu and that on Plaintiff's arrival on the floor, she asked for her "Gita," which is the holy book for Hindu believers. Plaintiff's request was denied by staff, who told Plaintiff that there was a bible in every room. After more than 24 hours, Plaintiff's doctor ordered that she be provided with her Gita. Plaintiff also asked to see the Chaplain during her hospitalization, to no avail.

        Plaintiff alleges that as a believer in the Hindu religion, she is not allowed to eat meat. Plaintiff told staff and the doctor that she was being given meat at each meal, except on one occasion when she was given peanut butter despite the fact that she is allergic to peanuts. Plaintiff requested that she be given a vegetarian diet. Plaintiff states that no corrective action was taken and that she was told to throw the meat in the trash if she did not want it on her tray. Plaintiff threw it away by

picking it up with her knife, but missed the trash can. Plaintiff states that John Doe member of staff told her that they were not concerned with Plaintiff's religious beliefs or her allergies. Plaintiff also asked that the bible be removed from her room, as it kept ending up on her bed. Staff refused, stating that a copy of the bible was to be kept in every patient room by the bed. Plaintiff claims that Defendants violated her rights under the Religious Freedom Restoration Act of 1993 (RFRA) and seeks damages.

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The federal courts are courts of limited jurisdiction, and Plaintiffs have the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiffs' claims. Initially, the court notes that Plaintiff states that she is suing Defendants under 42 U.S.C. § 1981. This statute provides:

> a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as

> is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

A defendant violates Section 1981 if: (1) plaintiff is a member of a racial minority; (2) defendant intentionally discriminated against plaintiff because of his or her race; and (3) the discrimination involved the making or enforcing of a contract. *See, e.g., Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir.1989); *Morris v. Office Max, Inc.,* 89 F.3d 411, 413–14 (7th Cir.1996); *Green v. State Bar of Texas,* 27 F.3d 1083, 1086 (5th Cir.1994); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). Because Plaintiff has not alleged any of the three requirements to show a violation of Section 1981, this claim is properly dismissed.

Plaintiff also claims that Defendants violated her rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, *et seq*. However, the United States Supreme Court has concluded that the RFRA is unconstitutional. *City of Boerne v. P.F. Flores, Archbishop of San Antonio*, 117 S.Ct. 2157 (1997). Therefore, this claim is properly dismissed.

Even if the court liberally construes Plaintiff's complaint to include a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), such a claim does not provide for

damages. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 131 S. Ct. 1651 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.").

Because this court lacks subject matter over Plaintiff's complaint, the complaint is properly dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(g). In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2011